IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| VICTORIA VAUGHAN<br><br>Plaintiff,<br><br>v.<br><br>TEXAS HEALTH AND HUMAN SERVICES COMMISSION, AND THOMAS SUEHS, (in his Official Capacity as Executive Commissioner),<br><br>Defendants. | § § § § § § § § § § § § § CIVIL ACTION NO. _____ |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Victoria Vaughan hereby files this, her Original Petition, against Texas Health and Human Services Commission, and Thomas Suehs, (in his Official Capacity as Executive Commissioner)(collectively referred to as "Defendant"), for violating state and federal law. The causes of action and summary of claims relating thereto are addressed below:

### I. DISCOVERY CONTROL PLAN

1. At this time, Plaintiff requests that discovery be conducted under Level III.

### II. PARTIES, JURISDICTION AND VENUE

2. Plaintiff Victoria Vaughan ("Plaintiff" or "Vaughan") is currently a citizen and resident of Kaufman County, Texas.

3. Defendant Texas Health and Human Services Commission ("THHSC") is a public agency in the State of Texas. Defendant has offices in many locations around the State of Texas including its office where Plaintiff worked, located at 891 West Corsicana, Athens, Texas 75751. Defendant's main office is located at 4900 N. Lamar Blvd., Austin, TX 78751-2316. Defendant can be served at the office of its registered agent for service at the office of its General Counsel at this same address.

4. Defendant Thomas Suehs ("Suehs") is the Executive Commissioner for this public agency. Suehs can be served at THHSC's offices at 4900 N. Lamar Blvd., Austin, TX 78751-2316.

5. Most of the acts alleged herein occurred in Henderson County, Texas.

6. The court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C. §§1331 & 1343. Venue exists in this district and division as detailed in 28 U.S.C. §1391.

### III. FACTUAL BACKGROUND

7. Plaintiff started work at THHSC in June of 2009 as a Texas Works Advisor II, with a majority of her work concentrating on determining eligibility of citizens for state aide. Plaintiff received excellent reviews, and numerous compliments from her coworkers and superiors.

8. Plaintiff has very deeply held religious beliefs, but these beliefs were not normally discussed at work. However, in April of 2010, Plaintiff was having a conversation with her immediate supervisor and the topic of Plaintiff's religion was raised. Plaintiff disclosed her religious affiliation to her supervisor, and Plaintiff's supervisor stated that she felt threatened by Plaintiff's religion, and that she could not practice her beliefs. Plaintiff's supervisor also claimed that Plaintiff's religious beliefs and practices posed a threat to the people working at the office. Plaintiff informed her supervisor that her religious practices were not a threat, and that she had a right to practice her religion.

9. The next day Plaintiff was off work, but during that day Plaintiff's supervisor attempted to solicit derogatory information about Plaintiff from her coworkers. The next Monday, just a few days after finding out about Plaintiff's religious beliefs, Plaintiff's supervisor terminated Plaintiff. No reason was given as to why Plaintiff was terminated, although an internal document in Plaintiff's personnel file states Plaintiff's religious beliefs played a role in the termination, and it contains a mischaracterization of events saying Plaintiff had threatened others with a Voodoo curse. In addition, Plaintiff's supervisor told others that she terminated Plaintiff because of her religion.

## IV. CAUSE OF ACTION--VIOLATION OF TITLE VII & TCHRA

10. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 through 9 as if fully stated herein.

11. Plaintiff has satisfied all jurisdictional prerequisites in connection with her claim under the Civil Right Act of 1964 (as amended), 42 U.S.C. §§ 2000e *et. seq.* ("Title VII"), and the Texas Commission on Human Rights Act, TEX. LABOR CODE. §§21.001 *et. seq.* ("TCHRA"). Specifically, Plaintiff filed a charge of religious discrimination with TCHRA on or about October 20, 2010, and this action is being commenced within the required statutory-limitations parameters.

12. Defendant is an "employer" as defined by the TCHRA and Title VII.

13. Plaintiff is an "employee" as defined by the TCHRA and Title VII.

14. During the time that Plaintiff was employed by Defendant she was subjected to religious discrimination and retaliation by Defendant for engaging in protected activity as defined by the TCHRA and Title VII. These actions affected the terms and conditions of Plaintiff's employment, and ultimately led to the termination of Plaintiff.

15. Defendant did not have adequate policies or procedures in place to address the religious discrimination and retaliation, nor did it implement prompt remedial measures.

16. As described above, Defendant intentionally and willfully violated the TCHRA and Title VII by discriminating against Plaintiff based on her religion, and illegally retaliating against Plaintiff for refusing to stop practicing her religion. In committing these illegalities Defendant acted with malice and/or reckless indifference to the statutory-protected rights of Plaintiff.

17. As a result of Defendant's violations of the TCHRA and Title VII, Plaintiff has suffered severe mental trauma, actual damages in the form of lost wages and benefits (past and future), and other losses.

18. As a result of these willful violations of the TCHRA and Title VII, Plaintiff requests that she be awarded all compensatory and punitive damages, to which she is entitled, as outlined in the TCHRA and Title VII, as well as all equitable relief, and attorney fees and costs.

### V. PRAYER FOR RELIEF

Wherefore, Plaintiff requests that Defendant be cited to appear and answer, and that on final trial, Plaintiff have judgment against Defendant as follows:

a. Judgment against Defendant for actual damages, including lost wages and benefits (both back pay and front pay), the sum to be determined at time of trial;

b. Judgment against Defendant for compensatory damages in the maximum amount allowed by law;

c. Judgment against Defendant for punitive damages in the maximum amount allowed under law, if applicable;

d. An order that Defendant take such other and further actions as may be necessary to redress Defendant's violation of Title VII and the TCHRA, including, if applicable, reinstatement to Plaintiff's former position;

e. Pre-judgment and post-judgment interest at the maximum amount allowed by law;

f. Costs of suit, including attorney's fees, if applicable;

g. The award of such other and further relief, both at law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted by:

*[signature]*

**Robert (Bobby) Lee**
State Bar No. 00787888
lee@l-b-law.com
**Carmen Artaza**
State Bar No. 24055114
artaza@l-b-law.com
**LEE & BRAZIEL, LLP**
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
Tel: (214) 749-1400
Fax: (214) 749-1010

**ATTORNEYS FOR PLAINTIFF**